**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

US BANK, N.A.,

      Plaintiff,

v.                                             Case No: 8:14-cv-1818-T-17AEP

NIKOLAY DIMITROV, and
LUDA DIMITROV,

      Defendants.

_____/

**ORDER DENYING DEFENDANTS'**
**EMERGENCY MOTION TO CANCEL MANATEE COUNTY CIRCUIT TRIAL**

      This matter comes before the Court upon Defendants' Emergency Motion to Cancel

Manatee County Circuit Trial Set for September 3, 2014, at 9 AM Pursuant to Removal to

United States District Court on July 29, 2014, (Doc. # 8), filed September 2, 2014.  The

Court, sua sponte and without requiring response from Plaintiff, **DENIES** Defendants'

Motion.

**BACKGROUND**

      Plaintiff initiated a mortgage foreclosure action against Defendants in the Circuit

Court for the Twelfth Judicial Circuit in Manatee County, Florida, seeking to foreclose on

a mortgage secured by real property located in Manatee County, Florida, which

Defendants owned.  (Doc. # 1, ¶1).  On July 29, 2014, Defendants removed the case to

this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, and federal

question jurisdiction pursuant to 28 U.S.C. § 1331.  Id. at ¶1–3.  On August 28, 2014, this

Court denied without prejudice Defendants' construed motion to proceed in forma

pauperis, (Doc. # 7), and directed Defendants to "file an amended notice of removal and

any supporting documentation establishing citizenship of the parties and the amount in controversy as discussed [in the order] so that this Court can determine whether diversity jurisdiction exists." <u>Id</u>.  The Court also granted Defendants the option to, after appropriately filing an amended notice of removal, file a renewed application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  <u>Id</u>.  The Court further directed Defendants to review the Local Rules for the Middle District, including the documents necessary to comply with removal.  <u>Id</u>. Finally, the Court suggested in the event Defendants fail to comply with the Order, remand to state court would be appropriate.  <u>Id</u>.

Defendants now move this Court to issue "an immediate emergency order directing the Manatee Circuit Court, Judge Janette Dunnigan to cancel the non-jury trial set for September 3, 2014 at 9 AM cease and desist [sic] from issuing any orders in this matter pursuant to removal to the United States District Court;" grant a "Temporary Restraining Order (TRO) without hearing pursuant to FRCP 65(b)(1);" and "[a]ny and all further relief this [C]ourt may grant."  (Doc. # 8).

## <u>DISCUSSION</u>

As the Court previously discussed, Defendants' Notice of Removal was deficient for the following reasons: 1) Defendants relied on federal counterclaims, but failed to properly allege whether and how the Plaintiff's Complaint concerned matters falling within federal jurisdiction; 2) Defendants failed to properly allege diversity based on residence or citizenship; 3) Defendants relied on counterclaims to determine the amount in controversy, but failed to meet the burden of proof to prove Plaintiff's damages would meet the requisite threshold; and 4) Defendants failed to provide copies of Plaintiff's Complaint and other necessary documents in accord with Local Rule 4.02(b).  (Doc. # 7).  The Court provided

Defendants with a 20-day period to cure all defects, and rather than address the defects, Defendants have instead filed this emergency motion, which fails to provide any of the information the Court required from Defendants to determine the otherwise deficient jurisdictional issues in Defendants' Notice of Removal. Because Defendants failed to provide any of the aforementioned, necessary information, the Court is still unable to determine jurisdiction. Further, Defendants fail to meet their burden for injunctive relief, which requires Defendants to demonstrate: 1) a substantial likelihood of success on the merits; 2) the injunctive relief is necessary to prevent irreparable injury;  3) the threatened injury outweighs harm that injunctive relief would cause against the opposing litigant; and 4) the injunctive relief is not adverse to public interest. Wellons v. Commissioner, Ga. Dept. of Corrections, 754 F.3d 1260 (11th Cir. 2014) (citing Chavez v. Florida SP Warden, 742 F.3d 1267, 1271 (11th Cir. 2014), cert. denied 134 S.Ct. 1156).  As Defendants have failed to both correct deficiencies in their notice of removal and meet their burden for injunctive relief, the Court must **DENY** the motion.  Accordingly, it is

**ORDERED** that Defendants' Emergency Motion to Cancel Manatee County Circuit Trial Set for September 3, 2014, at 9 AM Pursuant to Removal to United States District Court on July 29, 2014, (Doc. # 8), is **DENIED**.

It is **FURTHER ORDERED** that Defendants comply with this Court's August 28, 2014, Order providing Defendants twenty (20) days to cure deficiencies in their Notice of Removal, otherwise, Defendants' case faces likely remand.

It is **FURTHER ORDERED** that Defendants comply with all Federal Rules of Civil Procedure, and the Local Rules for the Middle District of Florida, which are available on the Court's website located at: http://www.flmd.uscourts.gov/pro_se/default.htm

**DONE and ORDERED**, in Chambers, in Tampa, Florida, this 2d day of September, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:     All counsel and parties of record
Dimitrovn08@gmail.com (Defendant provided to Chambers)
Hon. Janette Dunnigan, Circuit Judge for the 12th Judicial Circuit of Florida